


**RECEIVED**
5/21/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELA CAGWIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID GARCIA, ANTOINETTE GRANHOLM, <br> PATRICIA FLYNN, LISA LOVELACE, <br> JEANINE PARKER-ROSS, DAVID GOTZH, <br> JODI TURNBOUGH, and JOHN DOES 1–10, <br> ) <br> ) <br> Defendants. ) | Case No. [_____] <br> **1:25-cv-05662** <br> **Judge Franklin U. Valderrama** <br> **Magistrate Judge Jeffrey T. Gilbert** <br> **RANDOM/CATEGORY 2** |

## COMPLAINT FOR RICO, CIVIL RIGHTS, AND EQUITABLE RELIEF

### I. PARTIES

1. Plaintiff Angela Cagwin (formerly Trend) is a resident of New Lenox, Illinois. She is the biological mother of three children (one of whom has aged out) and the primary caregiver in the underlying family court proceedings. Plaintiff brings this action pro se.

2. Defendant David Garcia is a former family court judge in the 12th Judicial Circuit of Will County. He is sued in his individual capacity for participating in a racketeering scheme, signing fraudulent court orders, and obstructing appellate mandates.

3. Defendant Antoinette Granholm is a current Will County judge who continues to obstruct enforcement of binding appellate mandates, ignore due process, and perpetuate retaliatory proceedings. She is sued in her individual capacity.

4. Defendant Patricia Flynn is an attorney licensed in Illinois who played a central role in filing retaliatory orders, drafting false pleadings, and participating in the financial enterprise tied to supervision orders.

5. Defendant Lisa Lovelace formed and operated the unlicensed supervision business 'Kidz Above All,' received unregulated cash payments, and was simultaneously Judge Garcia's judicial campaign fundholder. She is sued individually and as operator of the enterprise.

6. Defendant Jeanine Parker-Ross is an attorney who registered the LLC with Lovelace and partnered with Flynn after internal disputes arose within the original legal team.

7. Defendant David Gotzh serve as Guardian ad Litem in Plaintiff's custody case and filed misleading reports, ignored child safety evidence, and continued billing despite post-mandate limitations on his role.

8. Defendant Jodi Turnbough participated in court-assigned supervision with Lisa Lovelace and later joined in filing a retaliatory order of protection against Plaintiff when the supervision enterprise was exposed.

9. John Does 1–10 are individuals presently unknown who participated in the planning, execution, or concealment of the racketeering scheme. Plaintiff reserves the right to amend this Complaint to name these individuals when identified.

II. INTRODUCTION

This action seeks to expose and redress a court-enabled racketeering enterprise that has manipulated custody proceedings, fabricated supervision orders, and obstructed justice for over five years. What began in 2019 as a custody dispute following a felony child abuse investigation against Respondent Jeffrey Trend soon escalated into a retaliatory legal campaign against Plaintiff, Angela Cagwin (formerly Trend), after she began uncovering and reporting misconduct by judges, attorneys, and supervision providers operating outside lawful authority.

The turning point occurred when Plaintiff objected to court-assigned supervision by Lisa Lovelace, founder of the unlicensed and unregulated business Kidz Above All. Lovelace was not an independent professional—she was Judge David Garcia's judicial committee fundholder and head of his campaign committee. According to state campaign finance records (D-2 reports), Garcia paid Lovelace $13,000 in committee funds. This undisclosed financial relationship created a direct conflict of interest and should have barred Lovelace from participating in any court-ordered supervision. Plaintiff submitted formal reports disclosing this relationship to state and judicial oversight bodies, but her reports were ignored.

Plaintiff's then-attorney, Angela Henderson, submitted forged documents and committed notary fraud to install Lovelace as supervisor over Plaintiff's objections. Henderson later admitted the forgery and was fined $5,000 under her notary bond. She was never removed as a notary, despite her misconduct, and was closely tied to Judge Garcia's judicial committee. When Plaintiff began raising these issues, attorneys Patricia Flynn

and Lisa Lovelace coordinated with Lovelace's cousin, Jodi Turnbough—an employee of the Lockport Police Department—to access private FOIA-restricted police emails and use them to secure retaliatory orders of protection. These orders were based not on any threat or harm, but simply on Plaintiff's inquiries into the legality of the supervision business during COVID-19 shutdowns.

Plaintiff endured more than two years of invalid orders of protection, which cost her multiple jobs, her FOID rights, and access to her children. She ultimately prevailed in two appeals, both decided on August 8, 2023, which voided the protective orders and restored the original Marital Settlement Agreement (MSA). Nevertheless, the court refused to enforce the mandates. Judge David Garcia was quietly removed, and Judge Antoinette Granholm was installed. Granholm took months to hold hearings, ultimately admitted she had only skimmed the mandates, and proceeded in open defiance of them. Her rulings have allowed continued unlawful withholding of Plaintiff's 17 and 15-year-old children, while new hearings and financial rulings have been issued in violation of the remand authority.

Throughout the litigation, David Gotzh has failed to serve as a Guardian ad Litem in any lawful or ethical capacity. He repeatedly interfered with appellate procedures, misrepresented mandate content, and falsely claimed parenting agreements were permanent rather than temporary—leading to an appeal Plaintiff had to file and ultimately won. He perjured himself on the stand regarding those agreements, triggering years of unlawful separation between Plaintiff and her children. While he was never formally

removed from the case, the trial court eventually halted all further investigation assignments to Gotzh. He now continues to interfere in appellate review proceedings, submitting filings despite being absent from the hearings in question and attempting to distort the record. His conduct has obstructed enforcement of binding orders and harmed Plaintiff's family while simultaneously promoting his own commentary about the case on YouTube, Substack, and LinkedIn.

This Complaint seeks declaratory and monetary relief under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., and civil rights statutes 42 U.S.C. §§ 1983 and 1985, for a coordinated pattern of legal abuse, retaliation, forgery, exploitation of court process, and obstruction of justice. The same individuals and structure described herein have been used to target not only Plaintiff, but numerous other parents and children in Will County, through the same unlawful supervision enterprise, court manipulation, and extended litigation tactics. The harm described in this Complaint reflects not only one family's loss, but the systemic operation of a judicially protected enterprise built on the prolonged separation of children from safe parents and the financial exploitation of families seeking justice.

III. JURISDICTION AND VENUE

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., and 42 U.S.C. §§ 1983 and 1985. Jurisdiction is also proper under 28 U.S.C. § 1343(a)(3)

and (4), which confer original jurisdiction over civil rights actions brought under federal law.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all defendants reside in the State of Illinois and a substantial part of the events or omissions giving rise to the claims occurred in this district. Specifically, the events took place in Will County, Illinois, which lies within the Northern District of Illinois.

IV. FACTUAL BACKGROUND

Plaintiff Angela Cagwin is the biological mother of three sons, one of whom has aged out of the family court system. In 2019, following a felony child abuse investigation against her former spouse, Jeffrey Trend, the court initially recognized the danger posed to the children. However, this protection quickly collapsed when Plaintiff began reporting misconduct by attorneys and court-appointed individuals tied to a supervision business that operated outside regulatory oversight.

In retaliation for Plaintiff's whistleblowing and inquiries into the unlicensed business 'Kidz Above All,' operated by Lisa Lovelace, attorneys and judicial actors began targeting her through procedural abuse. Her then-attorney, Angela Henderson, submitted forged and falsely notarized documents to embed Lovelace into the case as a court-appointed supervisor. Henderson later admitted the forgery and was fined $5,000 under her notary

bond, yet was never removed from notary service and maintained ties to Judge Garcia's judicial campaign committee.

Judge Garcia assigned supervision and court roles to Lovelace despite her dual role as his judicial fundholder, a financial conflict revealed through D-2 campaign finance reports. The court refused to investigate or remove Lovelace even after formal complaints were submitted. Plaintiff's opposition led to a manufactured series of emergency orders of protection filed by attorneys Patricia Flynn and Lisa Lovelace, who coordinated with Lovelace's cousin, Jodi Turnbough—a Lockport police employee with access to confidential systems.

Turnbough accessed confidential emails between Plaintiff and a Lockport sergeant and funneled these to attorneys, who misused them in court to create the appearance of harassment. These fabrications formed the basis for retaliatory protective orders that removed Plaintiff from multiple jobs for over two years and stripped her of her FOID rights. Later, in April 2021, Plaintiff lost custody of her children through a separate ex parte order of protection initiated by her ex-spouse's counsel, Patricia Flynn, who is also the law partner of Jeanine Parker-Ross—the former/original LLC registrant for Kidz Above All.

Plaintiff prevailed in her first two appeals at the end of 2022, which resulted in dismissal of the orders of protection filed by Lisa Lovelace and Jodi Turnbough. She later prevailed

again in two additional appeals issued on August 8, 2023, mandating restoration of custody under the original Marital Settlement Agreement. Nevertheless, the trial court has refused to enforce these mandates by putting the blinders on and ignoring motions to compel for over 20 more months (to the date of this writing).

Judge Garcia was replaced in the beginning of 2025 by Judge Antoinette Granholm, who delayed four more hearings and created further child-damaging orders. She admitted on record that she had not read the mandates, then later stated she had only skimmed the last line and disagreed with its interpretation. She twice refused a verbal request for a Rule 308 interlocutory appeal. Judge Granholm then announced her plan to proceed with hearings unrelated to the remanded issues and made clear she would not return the parties to their prior status under the MSA. Plaintiff's 15-year-old child remains unlawfully withheld.

Additionally, Guardian ad Litem David Gotzh repeatedly fabricated or omitted material facts in his role. He misstated what Plaintiff's children disclosed to him, ignored or misrepresented school counselor and therapist input, and submitted false reports to the court. On February 4, 2022, he perjured himself on the stand, falsely claiming that a temporary parenting arrangement was a permanent agreed order—an act that triggered the unlawful removal of Plaintiff's children, two years of supervised visitation and $14,000 for it, and required an appeal to reverse. Gotzh also neglected his responsibilities during urgent child emergencies and was later found to have lied about his availability.

He told the court he was unavailable due to a family medical crisis, specifically his mother suffering a heart attack and would be passing away for weeks. However, at the same time, he was actively publishing content on his professional appellate law website and YouTube channel about traveling, even internationally, including a trip to Paris. These public posts were not private—they were promoted through his business and intended for public recognition. When Plaintiff questioned how he was able to work remotely from abroad but not respond to her child's emergency, Gotzh falsely accused her of 'stalking' rather than address the contradiction. Despite being halted from further investigative duties by the trial court, he has continued to interfere with Plaintiff's appellate filings, including improper participation in her Rule 369(b) review. His conduct has caused significant harm to Plaintiff and her children and reflects a pattern of dishonesty and self-interest inconsistent with any role as a neutral child advocate.

The pattern of racketeering activity alleged herein satisfies both the relatedness and continuity elements required under RICO. As articulated in H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989), a RICO pattern must show relationship among acts and continuity over time, both of which are present in this case through repeated fraudulent acts and concealment. Additionally, the enterprise described meets the definition of an association-in-fact enterprise as recognized in United States v. Turkette, 452 U.S. 576 (1981), encompassing both legal entities and informal groupings engaged in coordinated misconduct.

The pattern of racketeering activity alleged herein satisfies both the relatedness and continuity elements required under RICO. As articulated in H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989), a RICO pattern must show relationship among acts and continuity over time, both of which are present in this case through repeated fraudulent acts and concealment. Additionally, the enterprise described meets the definition of an association-in-fact enterprise as recognized in United States v. Turkette, 452 U.S. 576 (1981), encompassing both legal entities and informal groupings engaged in coordinated misconduct.

<u>Ongoing Retaliation and Violation of Federal Protections</u>

As of May 20, 2025, Defendant Patricia Flynn has begun attempting to extract payment from the Plaintiff by targeting funds connected to a marital annuity that is legally protected under ERISA and explicitly discharged in Plaintiff's 2019 bankruptcy case. Flynn has issued threats and demands via email urging Plaintiff to disregard federal protections in order to satisfy unrelated attorney fees allegedly owed to a third party. These efforts, if pursued, would constitute willful violations of 11 U.S.C. § 524(a) (bankruptcy discharge injunction) and 29 U.S.C. § 1056(d) (anti-alienation provision of ERISA), and further support the pattern of retaliatory abuse and unlawful financial targeting central to this RICO and civil rights action. Plaintiff reserves the right to amend or supplement this Complaint as further evidence or actions occur.

<u>VI. CLAIMS FOR RELIEF</u>

**Count I: Civil RICO – 18 U.S.C. § 1962(c)**

The pattern of racketeering activity alleged herein satisfies both the relatedness and continuity elements required under RICO. As articulated in H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989), a RICO pattern must show relationship among acts and continuity over time, both of which are present in this case through repeated fraudulent acts and concealment. Additionally, the enterprise described meets the definition of an association-in-fact enterprise as recognized in United States v. Turkette, 452 U.S. 576 (1981), encompassing both legal entities and informal groupings engaged in coordinated misconduct.

Relevant Case Law

**Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 493 (1985)** – Civil RICO actions require predicate acts, not criminal convictions.

**H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989)** – Defines 'pattern' as related and continuous conduct.

**Reves v. Ernst & Young, 507 U.S. 170, 185 (1993)** – Establishes 'operation or management' test under § 1962(c).

**Count II: Civil Rights – 42 U.S.C. § 1983**

Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

This Count is brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments to the

United States Constitution. The Defendants acted under color of state law at all times relevant to this Complaint.

Defendants, including but not limited to Judges David Garcia and Antoinette Granholm, Guardian ad Litem David Gotzh, and attorneys Patricia Flynn, Jeanine Parker-Ross, and others, acted jointly and in concert to deny Plaintiff due process, equal protection, access to the courts, and freedom from unreasonable seizure and retaliation.

These violations included the misuse of ex parte protective orders to seize custody of Plaintiff's children without hearing, the refusal to enforce binding appellate mandates, and the use of retaliatory litigation to punish Plaintiff for reporting judicial corruption and misconduct. Plaintiff was also subjected to threats, intimidation, and discriminatory treatment based on her protected disability status, despite orders granting her ADA accommodations, which were ignored or actively defied by Defendants.

Defendants' actions caused Plaintiff prolonged deprivation of familial association, loss of employment, emotional distress, reputational harm, physical health consequences, and significant legal and financial injury.

The conduct described herein was arbitrary, malicious, and intended to injure Plaintiff in her person and property. It shocks the conscience and demonstrates deliberate indifference to Plaintiff's constitutional rights.

Plaintiff seeks compensatory and punitive damages, attorney's fees under 42 U.S.C. § 1988, and all other appropriate legal and equitable relief.

Relevant Case Law

**Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982)** – Explains 'under color of law' for private actors entangled with public function.

**Zinermon v. Burch, 494 U.S. 113 (1990)** – A state's failure to provide procedural protections constitutes a due process violation.

**Count III: Disability Discrimination – ADA Title II & § 504 Rehabilitation Act**

Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

This Count is brought under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

Plaintiff is a qualified individual with a disability, including a medically documented seizure disorder (epilepsy), and was entitled to reasonable accommodations within the judicial system. The Defendants—acting under color of law—failed to provide accommodations and instead subjected Plaintiff to adverse treatment directly related to her disability.

Judge David Garcia willfully ignored Plaintiff's medical needs and violated an ADA accommodation previously approved by the Chief Judge of Will County. Despite Plaintiff's documented seizure condition and hospitalization with pregnancy-related complications, Garcia declared her absent from a hearing she attended via Zoom while on IV bedrest and entered a default financial ruling against her.

Judge Antoinette Granholm has continued this pattern by insisting on in-person hearings despite Plaintiff's ADA protections and continuing medical conditions. Defendants refused to recognize valid medical accommodations and took no action to ensure Plaintiff's safety or equal access to the proceedings.

These acts of discrimination, retaliation, and denial of access caused Plaintiff undue emotional distress, prolonged litigation, and irreparable harm to her legal position and well-being.

Defendants' actions constitute disability-based discrimination in violation of the ADA and Rehabilitation Act. Plaintiff seeks declaratory relief, compensatory damages, injunctive relief, and reasonable attorney's fees under 42 U.S.C. § 12205 and 29 U.S.C. § 794a.

Relevant Case Law

**Tennessee v. Lane, 541 U.S. 509 (2004)** – Title II of the ADA applies to state court access and proceedings.

**Galloway v. Superior Court of D.C., 816 F. Supp. 12 (D.D.C. 1993)** – ADA protections extend to court operations.

**Count IV: Retaliation and Interference – First Amendment & 42 U.S.C. § 1983**

Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

This Count is brought under the First Amendment to the United States Constitution and 42 U.S.C. § 1983, addressing unlawful retaliation and interference by state actors in response to Plaintiff's exercise of protected rights, including free speech, petitioning the government, and participation in legal proceedings.

Plaintiff engaged in constitutionally protected activities, including reporting misconduct to the Illinois Judicial Inquiry Board, the Chief Judge of Will County, the ARDC, the Village of Lockport, and other governmental and oversight bodies. She also filed appellate complaints, civil rights appeals, and whistleblower communications to various agencies concerning unlawful supervision practices and court corruption.

In direct response, Defendants—acting individually and in conspiracy—subjected Plaintiff to retaliatory conduct, including but not limited to: the filing of false protective orders, suppression of ADA accommodations, prolonged litigation delays, denial of reunification with her children, denial of appellate enforcement, the spreading of false

information to judicial officials, and attempted discrediting of Plaintiff's character.

Guardian ad Litem David Gotzh actively interfered with Plaintiff's Rule 369(b) appellate review, misrepresented the content and purpose of appellate mandates, and engaged in public commentary that targeted Plaintiff and deflected accountability. He published social media content regarding Plaintiff's case while continuing to insert himself into proceedings after being removed from further investigation.

These actions constitute unlawful retaliation and interference with Plaintiff's protected right to seek redress and expose wrongdoing. They were undertaken to punish Plaintiff for challenging the enterprise and discourage her continued efforts.

Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1988.

Relevant Case Law

**Hartman v. Moore, 547 U.S. 250 (2006)** – Protected speech retaliation must show a causal connection to adverse action.

**Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle, 429 U.S. 274 (1977)** – Even if a lawful reason exists, retaliation violates First Amendment.

**Count V: Conspiracy to Violate Civil Rights – 42 U.S.C. § 1985(2) and (3)**

Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

This Count is brought pursuant to 42 U.S.C. § 1985(2) and (3), addressing conspiracies to interfere with civil rights through coordinated acts designed to obstruct justice, intimidate witnesses, and deny equal protection of the laws.

Defendants, including but not limited to Judges David Garcia and Antoinette Granholm, attorneys Patricia Flynn and Jeanine Parker-Ross, Guardian ad Litem David Gotzh, Lisa Lovelace, and Jodi Turnbough, knowingly agreed and acted in concert to prevent Plaintiff from lawfully pursuing custody, appellate relief, and whistleblower claims. This included intentional misrepresentation of facts to the court, fraudulent court filings, and coordinated efforts to interfere with or undermine appellate mandates.

The enterprise orchestrated false narratives, illicit supervision appointments, and unlawful orders of protection to suppress Plaintiff's claims and isolate her from her children. When Plaintiff sought to correct the record through legal process, Defendants retaliated by fabricating allegations, prolonging litigation, and attempting to render moot legitimate appellate victories.

Defendants' actions were motivated by animus toward Plaintiff's status as a whistleblower and protective parent and were intended to prevent her from accessing

equal protection and due process rights afforded to others similarly situated.

As a direct and proximate result of the conspiracy, Plaintiff has suffered loss of custody, reputational harm, emotional distress, and economic injury. These harms were caused not by random errors, but by coordinated and deliberate acts among parties with judicial and administrative power who used that authority to target Plaintiff for exercising her rights.

Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1988.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Angela Cagwin respectfully requests that this Court grant the following relief:

1. Issue declaratory relief affirming that Defendants' actions violated Plaintiff's rights under the U.S. Constitution, RICO statutes, the Americans with Disabilities Act, and other applicable laws;
2. Enter preliminary and permanent injunctive relief enjoining Defendants from continuing to engage in retaliatory or unlawful conduct against Plaintiff or her children;
3. Award compensatory damages in an amount to be proven at trial, including economic losses, loss of employment, reputational harm, emotional distress, and the cost of

supervised visitation and related litigation expenses;

4. Award punitive damages against Defendants whose conduct was intentional, reckless, or grossly indifferent to Plaintiff's rights;

5. Award treble damages under 18 U.S.C. § 1964(c) for RICO violations;

6. Award reasonable attorneys' fees and litigation costs under 42 U.S.C. §§ 1988 and 12205 and 18 U.S.C. § 1964(c);

7. Award such other and further relief as this Court deems just and proper under the circumstances.

**JURY TRIAL DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Angela Cagwin hereby demands a trial by jury on all issues so triable in this action.

Respectfully submitted,

DATED: 5/20/2025 _____

By: _____

Angela Cagwin
Pro Se Plaintiff
Address: 112 Laura Lane
New Lenox, IL 60451
Phone: 815-955-3092
Email: angiecagwin@yahoo.com