Case: 1:25-cv-05662 Document #: 18 Filed: 06/17/25 Page 1 of 12 PageID #:91

BC  PJJ

RECEIVED
6/17/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANGELA CAGWIN,
JANE DOE,

        Plaintiffs,

  v.

DAVID GARCIA, ANTOINETTE GRANHOLM,
LISA LOVELACE, PATRICIA FLYNN, JEANINE
PARKER-ROSS, DAVID GOTZH, JEFFREY CORSO,
YOLANDA OLSZEWSKI, JODI TURNBOUGH,
KIDZ ABOVE ALL, LLC, MIDWEST APPEALS, LLC,
FLYNN, PARKER-ROSS & ASSOC., and
JOHN DOES 1–10,

        Defendants.

Case No. 1:25-cv-05662

**SECOND AMENDED COMPLAINT
FOR RICO, CIVIL RIGHTS, AND EQUITABLE RELIEF
(42 U.S.C. §§ 1983, 1985; 18 U.S.C. § 1962; ADA)**

I. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 18 U.S.C. § 1964(c), and 42 U.S.C. §§ 1983, 1985, and 12132. Venue is proper under 28 U.S.C. § 1391(b) as the events occurred in the Northern District of Illinois.

II. PARTIES

Plaintiff Angela Cagwin is a resident of Will County, Illinois and an IRS whistleblower

(Program 211) who reported the misuse of unlicensed supervision funds and judicial self-dealing.

Plaintiff Jane Doe is a pseudonymous plaintiff due to disability, retaliation risks, and inability to file under seal because of federal procedural restrictions on pro se parties and being afar. Her identity will be provided in camera if required.

Defendants are judicial officers, guardians ad litem, attorneys, and mental health and supervision professionals engaged in a criminal enterprise via the family court process in Will County and adjacent counties.

## III. INTRODUCTION

This is a civil RICO and civil rights action seeking to redress coordinated judicial and private misconduct. Through colluded supervision orders, fabricated therapeutic services, falsified court filings, and systemic retaliation against whistleblowers and protective parents, Defendants have created and maintained a criminal enterprise through the family courts. At the heart of this scheme is the unregulated operation of Kidz Above All, LLC, a court-appointed supervision business run by political operatives and improperly registered entities.

Plaintiffs have suffered irreparable harm including the loss of custodial rights, reputational injury, financial damages, and emotional trauma. Jane Doe was likewise placed under fraudulent supervision, forced to pay cash to Patricia Flynn as GAL for services of Lovelace for the enterprise, and assigned a disqualified therapist to retaliate on the family. Both women and their children are retaliated upon due to the enterprise and whistleblowing. Both Plaintiffs seek damages, injunctive relief, and judicial accountability.

## IV. FACTUAL BACKGROUND

<u>A. Whistleblower Context and Custody Loss</u>

In 2020, Angela Cagwin was targeted 1) after a forgery find from her own attorney, Angela Henderson, and great financial contributor to Judge David Garcia, and 2) after reporting that Lisa Lovelace, campaign chair for Judge David Garcia, operated Kidz Above All LLC for

profit. The supervision business was formed in Garcia's first year on the bench and appointed directly in many of his cases. Cagwin prevailed in multiple appeals which dismissed protection orders, and ordered restoration of parenting time under the original marital settlement agreement (MSA). Despite this, judges and GALs refused enforcement, instead relying on misreadings and directs from counsel Patricia Flynn and GAL David Gotzh.

Jane Doe, similarly, was assigned Patricia Flynn as her GAL, and Lisa Lovelace as supervisor. Flynn personally received supervision checks payable for services allegedly rendered by Lovelace. These payments were undocumented in court. Jane Doe prevailed in her appellate mandate but was still subjected to a fraudulent therapist assignment (Yolanda Olszewski), and court actors continued to suppress access to her children.

B. Ex Parte Conversations and Retaliation

On June 10, 2025, a hot microphone incident in the Will County judge's chambers broadcast a conversation between Judge Granholm, GAL David Gotzh, and opposing attorneys. They were overheard mocking the Plaintiffs' federal case, referencing CLE seminars used to refer Gotzh as a "favorite," and plotting how to justify upcoming motions with moot docketing statements. These discussions occurred off-record, in violation of ethics rules.

Following the incident, Gotzh disseminated Plaintiff Cagwin's confidential in forma pauperis financial affidavit—still pending seal—in an unrelated state case. He weaponized it to portray her as untrustworthy. Meanwhile, the Illinois Supreme Court denied the writ of mandamus seeking enforcement of the August 2023 appellate mandates.

V. PATTERN OF RACKETEERING ACTIVITY

Defendants collectively operated an ongoing enterprise under 18 U.S.C. § 1962 by:

- Fraudulently misrepresenting court orders to extend unregulated and conspired supervision.
- Fabricating GAL reports for profit and concealment and continuing assignment
- Acting out of proper GAL roles for profit and case manipulations
- Colluding to ignore appellate mandates and perpetuate invalid orders.
- Falsifying service and court filings (affidavits, Rule 1-109 certifications).

- Disseminating confidential documents to third parties.
- Laundering supervision payments through personal accounts, relatives and law firm names.
- Using influence over court appointment lists and seminar placements to maintain their roles and deflect scrutiny.

The enterprise affected dozens of families across Will, Grundy, and surrounding counties, with direct financial flows to judges' campaign associates and unregulated LLCs. At least two witnesses have confirmed supervision payments made by cash only to Lisa Lovelace or Lisa's husband's Zelle account, or other payments corroborated by attorney letters and canceled checks to Flynn.

VI. CAUSES OF ACTION

COUNT I – RICO Violations (18 U.S.C. § 1962(c), (d))

All Defendants conspired to commit and did commit predicate acts of:

- Mail and wire fraud;
- Witness intimidation and retaliation;
- Money laundering;
- Obstruction of justice.

    These acts were committed to further the racketeering enterprise and resulted in the Plaintiffs' injury.

    Relief Requested: Treble damages, declaratory judgment, attorney fees, and other just relief.

COUNT II – Civil Rights Violations (42 U.S.C. §§ 1983, 1985)

Defendants deprived Plaintiffs of First and Fourteenth Amendment rights, including free speech, due process, and family integrity. GALs and judges operated under color of law but engaged in collusion and retaliation.

Relief Requested: Compensatory and punitive damages, injunctive relief, declaratory relief.

COUNT III – ADA Violations (42 U.S.C. § 12132)

Jane Doe, as a disabled litigant, was denied accommodations, forcibly removed from hearings for attempting to speak remotely, and subjected to an unlicensed therapist with a prior disciplinary record. Angela, has needed ADA accommodations approved by the chief but denied by Garcia and Granholm. Judge Garcia has subjected both women and their family to discrimination or mistreatment for their disabilities. Including making humans stand in a corner, or making money judgement orders that extort the IRS.

Relief Requested: Declaratory judgment, damages, access protections, injunctive relief.

COUNT IV – Retaliation (18 U.S.C. § 1513(e))

Both Plaintiffs were retaliated against for protected activity including IRS and court filings. Retaliation included false court filings, suppression of evidence, public exposure of private filings, and judicial stonewalling.

Relief Requested: Damages, protective orders, removal of conflicted court actors.

COUNT V – Bankruptcy/ERISA Violations

Patricia Flynn attempts to threat to keep going to collect funds discharged in Plaintiff Cagwin's bankruptcy using ERISA-protected accounts.

Relief Requested: Sanctions, declaratory relief, damages.

VII. DEFENDANT-SPECIFIC ALLEGATIONS

**Judge David Garcia**: As the judge initially overseeing Plaintiff Cagwin's custody matter, Garcia ordered supervision through Lisa Lovelace and knowingly assigned her as a provider despite her lack of licensure. He was financially supported by Lovelace in his judicial campaign, making these appointments a conflict of interest. Garcia failed to enforce appellate mandates restoring custody, ignored ADA accommodations, and tolerated forged filings and false emergency motions presented by Patricia Flynn.

**Judge Antoinette Granholm**: Granholm continued the pattern established by Garcia. Despite acknowledging appellate mandates, she refused to enforce them. On June 10, 2025, she was overheard participating in a live microphone ex parte discussion with GAL David Gotzh and others, mocking Plaintiffs and their federal case, planning strategies to bypass accountability, and admitting to using her discretion to elevate favored GALs. She has refused to disqualify conflicted actors and allowed moot filings to be heard post-mandate.

**Lisa Lovelace**: Founder of Kidz Above All, LLC, Lovelace operated an unlicensed supervision enterprise, laundering funds through her husband's personal Zelle account. She accepted payments from litigants assigned to her through the court, including Plaintiff Jane Doe and others, despite being neither licensed nor credentialed. She has familial and professional ties to Jodi Turnbough (her cousin) and Judge Garcia (her political beneficiary). She has received funds from the campaigns of both Judge Garcia and Judge Darcy.

**Patricia Flynn**: GAL in both Plaintiffs' cases, Flynn received supervision funds directly via personal or law firm checks but failed to document services in court. She was involved in multiple forged and false court filings, refused to submit GAL certifications, and threatened litigants with further litigation costs post-bankruptcy. She used her firm (Flynn, Parker-Ross & Associates) to commingle supervision revenue and private practice income.

**Jeanine Parker-Ross**: Co-owner of Flynn, Parker-Ross & Associates and initial legal registrant for Kidz Above All, LLC. She helped establish the false legitimacy of the enterprise and took part in supervision arrangements disguised as court-ordered services. Her law firm was used to channel supervision funds and reinforce GAL orders issued without hearing or evidence.

**David Gotzh**: Guardian ad litem in Plaintiff Cagwin's case. Gotzh disseminated Plaintiff's confidential IFP documents into a state court proceeding after learning about her federal lawsuit. He participated in ex parte conversations mocking Plaintiffs, admitted to using CLE connections to gain court favor, and authored GAL reports based on false or omitted evidence. He billed for time on the case despite the mandate restoring the prior MSA and judicial order ending his role.

**Jeffrey Corso**: Plaintiff Cagwin's former attorney, Corso obstructed appellate enforcement by advising her not to file crucial documents. After learning of the federal RICO case, he contacted a known associate and told them Plaintiff was "crazy" and "not to be trusted," an act of retaliation. In Jane Doe's case, he altered contracts to waive liability and withdrew after verbally abusing her and her spouse.

**Yolanda Olszewski**: Assigned therapist in Jane Doe's case. Olszewski had previously lost her license and was later reinstated. Despite her disciplinary history, she was reappointed in Jane Doe's matter at the direction of Flynn and Judge Garcia. She issued reports in bad faith and used her role to retaliate against Doe and obstruct parent-child reunification.

**Jodi Turnbough**: A Lockport Police employee and cousin to Lisa Lovelace. Turnbough accessed confidential emails and FOIA-protected data, which were used in litigation without disclosure. She was involved in a campaign to discredit whistleblowers and helped justify false service on Cagwin and others. Turnbough also engaged in off-record communication with Flynn and Lovelace, despite her official position.

**Kidz Above All, LLC**: This entity operated as an unlicensed court-appointed supervision company. Despite lacking DCFS or IDFPR oversight, it collected funds from litigants under color of law. The company's origins trace to Judge Garcia's first year on the bench, with its owners and managers providing direct financial support to his campaign.

**Midwest Appeals, LLC**: Owned by David Gotzh. The company was used to publish articles about active litigation involving Plaintiff Cagwin while Gotzh remained assigned as GAL. This dual role—advocate and commentator—served to intimidate and mislead the public, while creating a conflict of interest and platform for ongoing retaliation.

**Flynn, Parker-Ross & Associates**: A private law firm used to funnel and launder funds from court-appointed supervision and therapy services. The firm's dual role—providing GALs and simultaneously acting as recipients of supervision payments—violated separation of duties and transparency requirements.

**John Does 1–10**: Unknown individuals who participated in the enterprise through communications, billing, document fabrication, or obstruction but whose identities have not yet been fully uncovered.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Angela Cagwin and Jane Doe respectfully request that this Court enter judgment in their favor and grant the following relief:

1. **Declaratory Relief**: A declaration that Defendants' conduct violated Plaintiffs' rights under the:

    ○   Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1962(c), 1962(d));

    ○   Civil Rights Act (42 U.S.C. § 1983);

    ○   Americans with Disabilities Act (ADA), Title II (42 U.S.C. § 12132);

    ○   Rehabilitation Act (29 U.S.C. § 794);

    ○   First Amendment of the United States Constitution;

    ○   Civil Rights Conspiracy statute (42 U.S.C. § 1985(2) and (3)).

Plaintiffs further state that the children involved remain in an unlawful and harmful custodial arrangement due to continued violation of the August 8, 2023 appellate mandates. These mandates clearly restored the parties to their prior Marital Settlement Agreement (MSA), under which the children were safely housed with Plaintiff Cagwin. The delay in enforcement has caused profound emotional, developmental, and safety consequences.

*Therefore, Plaintiffs respectfully request that this Court issue immediate equitable relief to compel the children's return to the MSA terms and halt the ongoing damage resulting from noncompliance.*

2. **Injunctive Relief**: Preliminary and permanent injunctions prohibiting Defendants from:
    - Further retaliation, interference, or surveillance of Plaintiffs;
    - Continuing to use unlawful supervision or GAL assignments in violation of state and federal law;
    - Engaging in any further ex parte misconduct, misuse of sealed federal filings, or judicial coordination against Plaintiffs.
    - • Injunctive relief barring further GAL or supervision use tied to these actors.
    - • Preservation of court audio and records from critical hearings.
    - • Recognition of Jane Doe's pseudonym status without sealing.
    - • Court recognition of unconstitutional failure to enforce appellate mandates.

3. **Compensatory Damages**: ($5-800,000+ in compensatory damages and $2,000,000+ in emotional distress.) For all economic and non-economic losses suffered by Plaintiffs, including:

    - Loss of employment and income;
    - Loss of parental time and custodial rights;
    - Medical and mental health harm;
    - Loss of professional standing and reputation;
    - Out-of-pocket litigation and supervision costs.

4.	**Punitive Damages:** ($6,000,000+ in punitive damages)  Against those Defendants whose conduct was willful, malicious, or in reckless disregard of Plaintiffs' rights.

5.	**Treble Damages:** Pursuant to 18 U.S.C. § 1964(c), for injuries resulting from RICO violations.

6.	**Attorney's Fees and Costs: Pursuant to:**

- 42 U.S.C. § 1988 (civil rights claims);
- 18 U.S.C. § 1964(c) (RICO);
- 42 U.S.C. § 12205 and 29 U.S.C. § 794a (ADA/RA).

7.	**Other Relief**: Any further relief the Court deems just and proper.

IX. EXHIBIT INDEX (TO BE FILED SEPARATELY)

Plaintiffs hereby incorporate by reference the following exhibits, which will be filed separately and served as part of discovery or by motion under Fed. R. Civ. P. 26 and 34. These materials provide evidentiary support for the allegations contained in this Complaint, including but not limited to the predicate acts and civil rights violations alleged under 18 U.S.C. § 1962 and 42 U.S.C. §§ 1983, 1985, and 12132.

| Ex. | Description |
|---|---|
| A | Kidz Above All LLC registration – Lisa Lovelace and Jeanine Parker-Ross (IL Secretary of State) |
| B | Jane Doe's canceled checks to Patricia Flynn for Lovelace supervision |
| C | Screenshots of Zelle payments to Lisa Lovelace's husband (Grundy County parent) |
| D | Angela Henderson letter confirming $5,000 payment for Plaintiff's notary bond |
| E | Email from Lockport Sergeant confirming Jodi Turnbough and Lisa Lovelace are cousins |
| F | Emails showing Lisa and Jodi accessed police/voter data – reported to Sunni Choi Williams |
| G | IL State Elections site screenshot: Lovelace as Garcia's judicial committee fund holder |
| H | PACER bankruptcy records showing Lovelace worked for law firms but claimed no income |
| I | June 10, 2025 "hot mic" transcript – Judge Granholm, Gotzh, Flynn |
| J | Proof Gotzh disseminated IFP financial data into unrelated case (retaliation) |
| K | Successful appellate mandate for Jane Doe (reunification order) |
| L | Appellate mandates for Angela Cagwin (3-23-0012 and 3-22-0215) |
| M | Court records assigning unlicensed therapist Yolanda Olszewski to Jane Doe |
| N | IDFPR disciplinary history of therapist Yolanda Olszewski |
| O | Gotzh's articles and emails discussing Plaintiff's case while acting as GAL |
| P | Proof of forged Rule 1-109 certification by Flynn or associated actors |
| Q | Evidence of Flynn pursuing discharged ERISA funds post-bankruptcy |

| | |
|---|---|
| R | ADA violations in court (e.g., removal from Zoom, standing orders) |
| S | Letters from children requesting return and ignored by court |
| T | Exhibit showing supervision fees billed after appellate mandates |
| U | Affidavit/evidence from parent who declined to join suit but gave Zelle proof |
| V | Consolidated timeline of enterprise activity (2019–2025) |
| W | Judge Garcia dockets showing Lovelace appointed repeatedly as supervisor |
| X | Jane Doe's evidence of forged filings and altered therapy notes |
| Y | Agency responses declining to act on complaints (OSC, IDFPR, SOS) |

Note: Exhibits will be attached separately in numbered order and authenticated at time of filing or service. Additional exhibits may be appended as discovery progresses or by leave of court.

Dated: June 17, 2025

Respectfully submitted,

/s/ Angela Cagwin
Angela Cagwin, Pro Se
angietrend@yahoo.com

Jane Doe (pseudonym)
Jane Doe, Co-Plaintiff